# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S.A., eta. al.,<br><br>　　　　Defendants. | CV F   02 5801 AWI LJO P<br><br>ORDER STRIKING SECOND AMENDED COMPLAINT FROM RECORD (Doc. 56)<br><br>ORDER GRANTING PLAINTIFF TIME TO FILE AMENDED COMPLAINT IN COMPLIANCE WITH COURT ORDER DATED FEBRUARY 25, 2004.<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK DOCUMENTS |

Kevin Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 25, 2002.  Prior to the Court's review of the Complaint, Plaintiff initiated personal service on the Defendants named in the action as well as other unnamed Defendants.

On February 25, 2004, the Court screened the Complaint in compliance with the Prison Litigation Reform Action and found that Plaintiff failed to state a claim for relief under the Eighth Amendment against the U.S.A., Taft Correctional Institution ("TCI"), Warden Andrews, Dr. J. Akanno, and John Does 1 through three.  (Doc. 49.)  The Court did find that the Complaint stated a claim against the United States under the Federal Tort Claims Act and dismissed the Complaint with leave to amend.  Plaintiff was directed to either file an Amended Complaint that cured the deficiencies outlined by the Court or inform the Court of his intent to proceed on the Federal Tort Claims Act claim.

1    On March 15, 2004, Plaintiff filed a "Motion to Correct the Record."  In this pleading,
2 Plaintiff informed the Court that he had obtained the help of family and friends to effect service
3 and had, through them, filed an Amended Complaint on September 2, 2003, which was attached
4 to his "Motion to Correct Record."  However, as this Complaint was created prior tot he Court's
5 issuance of its Order dismissing with leave to amend, the Court informed Plaintiff that he could
6 not file that Complaint because it was not in compliance with the Court's Order to Amend.
7    On March 19, 2004, Plaintiff filed the very Complaint he was told he could not submit.
8 The Complaint was identical to that submitted with the Motion to Correct the Record and was
9 signed in September 2003 and further indicates he sent it to his family.  The Court issued an
10 Order on April 5, 2005, striking the Complaint from the record and granting Plaintiff additional
11 time to comply with the Court's Order dismissing with leave to amend.  (Doc.  55.)
12    On May 4, 2004, Plaintiff filed a "Second Amended Complaint."  The Court has
13 reviewed this Complaint and finds that Plaintiff has again failed to comply with the Court's
14 Order Dismissing with Leave to Amend.
15    The Complaint submitted on May 24, 2004, was signed by Plaintiff on April 28, 2004.  It
16 appears that Plaintiff believes by simply signing a document on a different date, it will render the
17 Complaint in compliance with the Court's order.  However, a thorough examination of the
18 Second Amended Complaint reveals that, but for the newly added paragraph numbers and new
19 signature, it is identical in its contents to the Complaint stricken from the record and the
20 Complaint attached to Plaintiff's Motion to Correct the Record, both of which Plaintiff was
21 informed he could not file because they were not in compliance with the Court's Order
22 dismissing with leave to amend.   The Court has expended considerable time and resources
23 screening the original complaint filed in this Court and Plaintiff's repeated attempts to bring
24 before the Court a Complaint which necessarily does not comply with the Court's Order because
25 it was drafted *prior* to this Court's review of his allegations, is simply unacceptable.  The Court
26 will, however, in the interests of justice, grant Plaintiff an additional opportunity to provide an
27 Amended Complaint drafter only after Plaintiff has carefully considered the deficiencies outlined
28 in the Court's Order dismissing with leave to amend.

Accordingly, the Court HEREBY ORDERS:

1. The Second Amended Complaint is STRICKEN from the record. (Doc. 56.);

2. Plaintiff is GRANTED thirty (30) days from the date of service of this Order to submit an "AMENDED COMPLAINT" in compliance with this Court's Order dismissing with leave to amend dated February 25, 2004.

3. The Clerk of Court is DIRECTED to send Plaintiff a blank civil rights form.

Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original Complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff should that the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, in order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of

1  plaintiff's federal rights.

2      Plaintiff should also take care to ensure his Complaint is in compliance with Rule 8(a) of
3  the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro.
5  8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6  and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.

7      Finally, Plaintiff is forewarned that his failure to comply with this order will result in a
8  Recommendation that the action be dismissed, without prejudice, for failure to state a claim on
9  which relief can be granted or to comply with a Court Order.

11  IT IS SO ORDERED.

12  **Dated:   July 15, 2005**           /s/ Lawrence J. O'Neill
    b9ed48                              UNITED STATES MAGISTRATE JUDGE