IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN JESSIE WALKER,**          )<br>                                                        )<br>             **Plaintiff**,                       )<br>                                                        )<br>       v.                                             )<br>                                                        )<br>**UNITED STATES, et al.,**                )<br>                                                        )<br>             **Defendants.**                   )<br>_____) | CV F 02-5801  AWI LJO P<br><br>**ORDER DENYING MOTION SEEKING HELP, WHICH HAS BEEN CONSTRUED AS A MOTION FOR RECONSIDERATION**<br><br>(Document #71) |

     Plaintiff, an inmate in the custody of the Bureau of Prisons, has filed this action against the United States and others for alleged violations of Plaintiff's civil rights when Plaintiff was housed at the Taft Correctional Institution in Taft, California.

     On February 25, 2004, the Magistrate Judge screened the complaint and found that Plaintiff failed to state a claim for relief under the Eighth Amendment.  The Magistrate Judge did find that the complaint stated a claim against the United States under the Federal Tort Claims Act ("FTCA") and dismissed the complaint with leave to amend.  Plaintiff was directed to either file an amended complaint that cured the deficiencies or inform the court of his intent to proceed on the FTCA claim.  Plaintiff then filed two amended complaints that were identical or nearly identical to the complaint the court previously dismissed.  The Magistrate Judge struck these complaints and referenced Plaintiff to the February 25, 2004 order.  The second of these amended complaints was stuck on July 18, 2005.  In the interests of justice, on July 18, 2005, the Magistrate Judge gave Plaintiff thirty additional days in which to file an amended complaint.

     On August 8, 2005, Plaintiff filed a motion seeking help in preventing the Magistrate

Judge from abusing his judicial power by making Plaintiff rewrite his complaint.    Plaintiff's basic contention is that the Magistrate Judge is abusing his power by terminating Plaintiff's complaints and requiring him to file a new complaint when Defendants answered the first amended complaint.

Preliminarily, the court notes that Plaintiff has filed a motion for help preventing the Magistrate Judge from abusing his judicial power.   No such motion is allowed for by the Rules of Civil Procedure or the Local Rules.   Because Plaintiff has filed an improper motion, the court can deny Plaintiff's request on that basis alone.   However, in the interests of justice, the court will construe Plaintiff's request as a motion for reconsideration of the Magistrate Judge's orders.

The court has discretion to reconsider and vacate a prior order.   Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).   Motions to reconsider are committed to the discretion of the trial court.   Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).   To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.   See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).   The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The Magistrate Judge's requirement that Plaintiff file an amended complaint is not clearly erroneous or contrary to law.   The court was required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.   Plaintiff was not allowed to avoid this requirement by serving the complaint himself, causing Defendants to mistakenly believe service had been ordered by the

court.  As such, the Magistrate Judge's decision to dismiss the complaint, despite answers by Defendants, was not clear error.  In addition, the court agrees with the Magistrate Judge's determination that the complaint only stated a FTCA against the United States and failed to state an Eighth Amendment claim.  For over a year, Plaintiff has been given the option of proceeding on the FTCA claim and abandoning the Eighth Amendment claim or filing an amended complaint in which Plaintiff provides additional information about the Eighth Amendment claim.  Plaintiff has failed to comply with the court's orders.  The court has never required Plaintiff to rewrite his complaint.  In fact, the court has struck the complaints Plaintiff has rewritten because they do not cure the pleading deficiencies found by the Magistrate Judge's February 25, 2004 order.  Plaintiff will be given one final opportunity to file a complaint that provides sufficient information to state a claim for an Eighth Amendment violation.  If Plaintiff merely rewrites his complaint, making the same allegations found insufficient, the court will dismiss this action.

Accordingly, the court ORDERS that:

1. Plaintiff's motion seeking help, which has been construed as a motion for reconsideration, is DENIED;

2. Plaintiff SHALL FILE any amended complaint within thirty days of this order's date of service; and

3. Plaintiff is forewarned that failure to file an amended complaint that states a claim will be grounds for this action's dismissal.

IT IS SO ORDERED.

**Dated:   August 30, 2005**           /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE