# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et. al., <br><br> Defendants. | CV F 02 5801 AWI LJO P <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS FROM ACTION AND PROCEED ON REMAINING CLAIMS |

Kevin Walker ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors and under the Federal Tort Claims Act.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The events at issue in this action allegedly occurred at Taft Correctional facility.  Plaintiff names the United States of America, Taft Correctional Institution ("TCI") and a number of other individuals employed by the Bureau of Prisons as well as TCI.  Plaintiff is seeking monetary damages.  Plaintiff alleges that TCI is a private institution operating by Wackenhut Corrections Corporation under contract with the United States.

Plaintiff alleges that the defendants knowingly exposed him to the fungus that is known to cause Valley Fever by transferring him to TCI and then failing to properly diagnose him and treat him for his condition.

**C. DISCUSSION**

*1. Bivens*

Lawsuits against federal officials for constitutional deprivations that occur under color of federal law are actionable pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Like state prisoners suing under 42 U.S.C. § 1983, federal prisoners proceeding under Bivens may sue relevant officials in their individual capacity only.  While this doctrine provides for private rights of action for violations of the Fourth Amendment, Bivens, 403 U.S. 388 (1971), the Fifth Amendment Due Process clause, Davis v. Passman, 442 U.S. 228 (1979), and the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980), the U.S. Supreme *Court* has been loath to extend Bivens to claims where Congress has

already provided "an avenue for some redress." Correctional Services Corporation v. Malesko, 534 U.S. 61, 68-69 (2001) (declining to infer a constitutional tort remedy against a private corporation.); Libas Ltd v. Carrillo, 329 F.3d 1128, 1130 (9th Cir. 2003) (precluding Bivens claims where Congress has provided an alternative remedy).

Recently, the U.S. Supreme Court declined to extend Bivens to allow for recovery against a private corporation operating a half-way house under contract with the Federal Bureau of Prisons in Corr. Services Corp. v. Malesko, 534 U.S. 61, 68-69 (2001).  In Malesko, the Court examined the history of Bivens and in particular, its past reluctance to imply a cause of action for money damages directly under the constitution.

The Court noted that it first extended Bivens to a plaintiff's claim for money damages against a former employer (member of U.S. Congress) for violations of the Due Process clause in Davis v. Passman, 442 U.S. 228 (1979).  The Court emphasized that there were no alternative forms of judicial relief for Davis, who, like Bivens, was limited to "damages or nothing." Id. at 245 (*quoting* Justice Harlan's concurrence in Bivens, 402 U.S. at 410).

Approximately one year later, in Carlson v. Green, 446 U.S. 14 (1980), the Court held that federal prison officials could be sued for violations of the Eighth Amendment's prohibition on cruel and unusual punishment, notwithstanding the availability of a claim under the Federal Tort Claims Act ("FTCA") against the United States.  The Court reasoned that the threat of suit against the United States was insufficient to deter the unconstitutional acts of individuals. Id. at 21.

Since the Carlson decision, the Supreme Court has repeatedly refused to extend liability under Bivens to new contexts.  For example, in Bush v. Lucas, 462 U.S. 367 (1983), the Court declined to extend Bivens to a suit against individual Government officials for a First Amendment violation arising in the context of federal employment even though Bush had no opportunity to fully remedy his claim.  The Court found the administrative review mechanisms created by Congress provided Bush "meaningful redress" and there was no need to craft a judicial cause of action. Id. at 378, n. 14.

In Schweiker v. Chilicky, 487 U.S. 412 (1988), the Supreme Court similarly declined to

3

infer a damages action against individual Government employees who were alleged to have violated Due Process in their handling of Social Security claims.  Here the Court noted that its prior "decisions [had] responded cautiously to suggestions that Bivens remedies be extended to new contexts" and that "the absence of statutory relief for a constitutional violation ... [did] not... necessarily imply that courts should award money damages against the officers responsible for the violation."  Id. at 421-422.

Finally, in FDIC v. Meyer, 510 U.S. 471 (1994), the Supreme Court unanimously declined to extend Bivens to an action brought directly against a federal agency even where the agency was amenable to suit.  FDIC v. Meyer, 510 U.S. 471, 473-74  (1994).  The Court emphasized that the purpose of Bivens was "deter the officer," and that if given a choice, a plaintiff would choose to sue a federal agency instead of an individual who could assert qualified immunity.  Id. at 485 (*citing* Carlson v. Green,446 U.S. at 21).   The Court concluded that to allow a Bivens claim against federal agencies would eviscerate the Bivens remedy, rather than extend it and that the "potentially enormous financial burden" that agency liability would entail counseled against such extension.  Id. at 486.

Following a thorough examination of the Court's history and application of Bivens, the Supreme Court in Malesko declined to imply a Bivens cause of action in a new circumstance. Corr. Services Corp. v. Malesko, 534 U.S. 61 (2001).   As stated above, Malesko concerned a federal offender suing Correctional Services Corporation ("CSC"), a private corporation operating under contract with the Federal Bureau of Prisons to house federal prisoners and detainees.  Malesko alleged that his constitutional rights were violated when he was made to climb stairs to his living quarters even though he had a heart condition that entitled him to use the elevator.  During his ascent he suffered a heart attack, fell and was injured.  Malesko brought a Bivens action alleging an Eighth Amendment violation against CSC for actual and punitive damages.  The Court held that FDIC v. Meyer foreclosed "the extension of Bivens to private entities."  Id. at 66, n. 2.  The Court noted that the "core premise" of Bivens was to deter individual officers, not the agency. Id. at 69.  The Court further explained that Malesko, unlike Bivens and Davis, was not in "search of a remedy" nor did he "seek a cause of action against an

individual officer, otherwise lacking, as in Carlson." Id. at 74.  The Court further held that imposing liability on private prison facilities is a question best left for Congress and not the Courts.  Id. at 72.

Since Malesko, only two circuit courts have addressed whether Bivens should be extended to suits against employees of a private prison for alleged constitutional deprivations.[1] The Tenth Circuit, in Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), *vacated in part and aff'd in part*, 449 F.3d 1097 (10th Cir. 2006) (*en banc*), affirmed the dismissal of a constitutional claim against individual employees of a private corporation housing pretrial detainees pursuant to a contract with the United States for failure to state a claim for relief under Bivens.[2]

In Peoples, a federal detainee attempted to sue an individual employee of a privately owned prison for an alleged violation of his Eighth Amendment rights concerning medical care. Relying largely on Malesko, the Court reasoned that "the purpose of Bivens is only ' to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally [as in Carlson], or to provide a cause of action for a plaintiff who lacked *any alternative remedy* [as in Davis].'"  Peoples, 422 F.3d at 1099-1100 (10th Cir. 2005) (*citing* Malesko, 534 U.S. 61, 70 (2001)).  An alternative "cause of action for damages against an individual defendant eliminates either of those two circumstances, and therefore Bivens and its

---

[1] The Court recognizes the 9th Circuit case of Agyeman v. Corrections Corporation of America, 390 F.3d 1001 (9th Cir. 2004), wherein the Ninth Circuit noted that claims against the individuals employees of the CCA should be brought via Bivens.  However, the Court does not find Agyeman to be binding precedent as the question before the Ninth Circuit in Agyeman was whether counsel should have been appointed on behalf of the Plaintiff. The reference made was merely an example of the case's complexity thereby supporting the Court's conclusion that counsel *should* have been appointed.

[2] On rehearing, the 10th Circuit reversed the district court's judgment in Peoples v. CCA Detention Ctr., 2004 WL 74317 ("Peoples I"), where the Court dismissed the complaint for lack of subject matter jurisdiction.  The panel was equally divided on the issue of whether a Bivens action could be maintained against individuals operating a private prison but because there was no majority, affirmed Peoples v. CCA Detention Ctr., 2004 WL 2278667 ("Peoples II"), where the dismissal was based on the failure to state a claim.  Peoples v. CCA Detention Centers, 449 F.3d 1097 (10th Cir. 2006.)

limited progeny [did] not apply [to] such a case."[3] Id. at 1101. The Court concluded that Malesko had such a state remedy. The Court further rejected the dissent's policy arguments of creating state-federal uniformity between § 1983 and Bivens holding that the extension of a "judicially-created remedy so that it closely mirrors a statutory remedy is best left for Congress." Id. at 1103. The dismissal under Rule 12(b)(6) was affirmed.

In Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), *cert. denied*, – U.S. –, 126 S.Ct. 2333 (2006), a federal inmate filed a Bivens action alleging that prison officials did not properly treat his diabetes and that he was punished when he attempted to obtain medical treatment. The Fourth Circuit held that the purpose of Bivens was to deter individual "federal officers" from committing constitutional violations and that employees of a private corporation under contract with the Federal Government were not "federal officials, federal employees, or even independent contractors in the service of the federal government. Instead, they are employed by GEO, a private corporation." Id. at 292. The Court emphasized that in the context of constitutional claims raised under 42 U.S.C. § 1983, courts have insisted that as a prerequisite to liability, the "conduct allegedly causing the deprivation of a federal right be fairly attributable to the state." Id.(*quoting* Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). There was no suggestion in Holly, however, "that the federal government [had] any stake, financial or otherwise, in GEO. Nor [was] there any suggestion that federal policy played in a part in defendants alleged failure to provide adequate medical care, or that defendants colluded with federal officials in making the relevant decisions." Id.

The Fourth Circuit expressed its reluctance to extend Bivens on the basis that "Bivens . . . is a judicial creation" without legislative sanction. Id. As such, the Court noted that the "danger of federal court's failing to 'respect the limits of their own power' [] increases exponentially" with the extension of Bivens to such circumstances. Id. The Court also recognized the

---

[3]The 10th Circuit recognized that Carlson might have appeared to control the case but distinguished Carlson because it did not address the specific question of whether a potential state law cause of action against an individual would preclude an implied Bivens claim. Peoples v. CCA Detention Centers, 422 F.3d 1090, 1102 (10th Cir. 2005). The U.S. Supreme Court stated that the "issue in Carlson was whether 'a remedy [is] available directly under the Constitution given that respondent's allegations could also support a suit against the United States under the Federal Tort Claims Act.'" Id.(*citing* Carlson, 446 U.S. at 16-17).

6

availability of superior causes of action available to plaintiff under the state law of negligence and concluded that the extension of a judicially implied remedy was therefore inappropriate. Id. at 295-296.

Recently, this Court found the holdings of the Tenth and Fourth Circuit Court of Appeals persuasive and determined that there was no implied private right of damages under Bivens against employees of a private prison for alleged constitutional deprivations. See, Godoy-Aguirre v. Gilkey, CV F 03-5295-OWW-LJO-P.

After examination of the instant case, the Court again concludes that Plaintiff may not proceed against employees of a privately run prison for alleged constitutional deprivations. Plaintiff here seeks monetary relief for the alleged violation of the Eighth Amendment concerning the adequacy of medical care.  As in the cases of Peoples and Holly discussed above, Plaintiff here has alternative and superior remedies available to him in state court.[4]   In light of the existing alternative remedies this Court finds that extending Bivens would not provide Plaintiff an otherwise nonexistent cause of action.  Nor would extending Bivens deter future unconstitutional conduct by federal officers as the Defendants are employees of a private corporation.  As such, the Court finds the instant case does not present circumstances warranting the extension of Bivens.  Accordingly, the Court will RECOMMEND dismissal of Plaintiff's Eighth Amendment allegations concerning his medical care against all Defendants.

### 2. Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 114 S.Ct. 996, 1000 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

---

[4] Plaintiff may bring an action under the state law of negligence and for medical negligence. Ca.Civ. Code §§ 1714, 1714.8, 333.2, 3523.  As noted by the U.S. Supreme Court in Malesko, the Eighth Amendment deliberate indifference standard is heightened and more difficult to prevail on than a theory of ordinary negligence. Malesko, 534 U.S. at 74 (*citing* Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.")).

of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980) (*citing* 28 U.S.C. § 2675). A claim may not be filed in federal court until the plaintiff has received a final denial of the claim from the appropriate agency. Id.

The United States is the only proper defendant in a suit brought pursuant to the FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir.1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir.1998). "A claim against [a federal agency] in its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078. Nor is an agency a proper defendant under the FTCA. Craft, 157 F.3d at 706 (*citing* Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir.1977)).

In this case, Plaintiff alleges that he was transferred to a facility that was constructed by the USA and Bureau of Prisons with the knowledge that the soil upon which it was built was contaminated with fungal spores that are known to cause Valley Fever, names the United States as a Defendant and sufficiently states that he has exhausted his administrative remedies. As such, the Court finds that Plaintiff states a cognizable claim for relief under the Federal Tort Claims Act and the Court will recommend that the case proceed solely against the United States under the FTCA.

**D. RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Eighth Amendment claims made against all Defendants under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), be dismissed for failing to state a claim upon which relief can be granted. The Court further RECOMMENDS that the action proceed solely on Plaintiff's claim against the United States under the Federal Tort Claims Act.[5]

---

[5] In the event the District Court adopts these Findings and Recommendations, the Court will issue an Order directing the United States Marshal to effect service on the United States and the case will then proceed accordingly.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 4, 2006**                       **/s/ Lawrence J. O'Neill**
b9ed48                                              UNITED STATES MAGISTRATE JUDGE