1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KEVIN WALKER,                                    CV F   02 5801 AWI LJO P

                Plaintiff,

    v.                                          ORDER DENYING MOTION TO COMPEL
                                        (Doc. 80)

U.S.A., eta. al.,

                Defendants.
_____/

Kevin Walker ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

On December 11, 2006, Plaintiff filed a pleading titled "Motion to Compel Bureau of Prisons to Deliver Walker's Legal Mail According to their Policy." In this pleading, Plaintiff complaints that his legal mail has been unofficially opened outside of his presence by the Terminal Island Facility mail room in violation of his rights. Plaintiff also complains that this Court's Findings and Recommendations gave him thirty days from the date of delivery to respond but the Court docket only gave him until October 8, 2006, only three days after the Court sent it.

As a preliminary matter, Plaintiff is mistaken in his statement that the Court only granted him three days. The Findings and Recommendations gave Plaintiff thirty days from the date of service of the Order, not thirty days from the date it was delivered to him. Also, the Court docket shows a deadline of November 8, 2006, not October 8, 2006, as Plaintiff states.

With regard to Plaintiff's request to compel delivery of his mail, the Court is without

1

1  jurisdiction to issue such an Order.  First, Motions to Compel are reserved to compel disclosure

2  of discovery, not actions by parties. Fed.R.Civ.P. 37(a).  Second, Plaintiff's complaints about

3  mail do not raise constitutional concerns that can be addressed in this action.

4        The mere fact that prison officials open and conduct a visual inspection of a prisoner's

5  legal correspondence does not state a claim for violation of a prisoner's constitutional rights.  See

6  Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th

7  Cir. 1996).  Prison officials may, consistent with the First Amendment, open mail from attorneys

8  in the presence of the prisoner for visual inspection.  See Wolff v. McDonnell, 418 U.S. 539,

9  576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).  In Wolff v.

10  McDonnell, the Supreme Court noted that inspecting mail from attorneys in the presence of the

11  inmate did all, and perhaps even more, than the Constitution requires.  Id. at 577.  The issue of

12  whether or not prison officials may also, consistent with the First Amendment, open and visually

13  inspect mail from attorneys *outside the presence* of the prisoner has not been decided by the

14  Supreme Court or by the Ninth Circuit.  In Wolff v. McDonnell, the legal mail at issue was mail

15  sent to respondent from his own attorney.  Correspondence between an attorney and a client is

16  entitled to special protection under the attorney-client privilege.  Plaintiff should note, however

17  that **"[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal**

18  **mail."**  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (emphasis added).  "All

19  correspondence from a court to a litigant is a public document, which prison personnel could if

20  they want inspect in the court's files."  Id. at 1094 (*citing* Martin v. Brewer, 830 F.2d 76, 78 (7th

21  Cir. 1987)).

22        In light of the above, Plaintiff's Motion to Compel is DENIED.

23  IT IS SO ORDERED.

24  **Dated:    December 14, 2006**            _____/s/ Lawrence J. O'Neill_____
    b9ed48                                  UNITED STATES MAGISTRATE JUDGE

25

26

27

28