1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

10   **KEVIN WALKER,**                                    **1:02-cv-05801-AWI-LJO-P**

11                          **Plaintiff,**                **ORDER ADOPTING FINDINGS AND**
                     **vs.**                              **RECOMMENDATIONS IN PART**

12   **UNITED STATES OF AMERICA,**                        **ORDER DISMISSING CLAIMS**
13   **et al.,**
                                                          **ORDER REFERRING ACTION TO**
14                          **Defendants.**               **MAGISTRATE JUDGE**
     _____/

15

16                              **BACKGROUND**

17          Kevin Walker ("Plaintiff") is a federal prisoner housed at Taft Correction Institution

18   ("Taft") and is proceeding pro se and in forma pauperis in this civil rights action pursuant to

19   <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

20   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

21   636(b)(1)(B) and Local Rule 72-302.

22          On October 5, 2006, the Magistrate Judge screened the second amended complaint, filed

23   on August 29, 2005 ("complaint").   The Magistrate Judge then filed Findings and

24   Recommendations that recommended the claims against Taft, Wachenhut Correctional

25   Corporation ("WCC"), and Taft Employees be dismissed because no <u>Bivens</u> cause of action is

26   available.   The Findings and Recommendations also recommended the tort claims against the

27   Federal Defendants be dismissed because the Federal Tort Claims Act ("FTCA") requires all

28   such suits to be against the United States only.   Finally, the Findings and Recommendations

                                               1

1  recommended that the tort claim against the United States, alleging that Plaintiff was transferred

2  to a facility the United States had constructed upon soil it knew contained spores that cause

3  Valley Fever, be allowed to proceed because Plaintiff had exhausted his administrative remedies

4  on this issue.   The Findings and Recommendations were served on Plaintiff, along with those

5  Defendants that have made an appearance in this action.   The Findings and Recommendations

6  contained notice that any objections to the Findings and Recommendations were to be filed

7  within thirty (30) days.  On November 13, 2006, Plaintiff filed objections to the Magistrate

8  Judge's Findings and Recommendations.

9                                          **DISCUSSION**

10         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305,

11  this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file,

12  the court finds that portions of the Findings and Recommendations are supported by the record

13  and by proper analysis.   However, in light of the changing law concerning Bivens actions, the

14  court declines to fully adopt the Findings and Recommendations.

15  **A.  Bivens Action Against BOP Employees**

16         The complaint appears to allege violations of Plaintiffs' Eighth Amendment rights against

17  Bureau of Prison ("BOP") Employees.  In <u>Bivens v. Six Unknown Named Agents of Federal</u>

18  <u>Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court established a direct cause of action

19  under the Constitution of the United States against federal officials for the violation of federal

20  constitutional rights.   In <u>Bivens</u>, the Supreme Court held that a violation of the Fourth

21  Amendment by a federal agent acting under color of his authority gives rise to a cause of action

22  for damages, despite the absence of any federal statute creating liability.  <u>Bivens</u>, 403 U.S. at

23  389.   The right of a Bivens action was extended in <u>Carlson v. Green</u>, 446 U.S. 14 (1980), to

24  recognize an implied action for damages against federal prison officials for violations of the

25  Eighth Amendment.

26         The Findings and Recommendations did not address whether the complaint stated a

27  Bivens claim against BOP Employees.   Because it appears that the complaint is at least

28  attempting to state an Eighth Amendment claim against BOP Employees, the court declines to

1  adopt the Findings and Recommendations and dismiss BOP Employees as Defendants to

2  potential Eighth Amendment claims.[1]   The court will refer this action back to the Magistrate

3  Judge to screen the complaint's allegations that the BOP Employees violated Plaintiff's Eighth

4  Amendment rights.

5  **B.  Bivens Action Against United States**

6  The complaint appears to allege Eighth Amendment violations by the United States and

7  the BOP.   No Bivens claim lies against the United States.  Cato v. United States, 70 F.3d 1103,

8  1110 (9th Cir. 1995).   In addition, a Bivens action is not available against a federal agency.  FDIC

9  v. Meyer, 510 U.S. 471, 484 (1994); Consejo de Desarrollo Economico de Mexicali, A.C. v.

10  United States,  482 F.3d 1157, 1173 (9th Cir. 2007).   Thus, to the extent Plaintiff is attempting

11  to sue the BOP or the United States for violations of his Eighth Amendment and other

12  constitutional rights, Plaintiff cannot state a claim.   Accordingly, the Constitutional claims

13  against the BOP and the United States must be dismissed.

14  **C.  Bivens Action Against Taft and WCC**

15  The complaint appears to allege violations of the Constitution by Taft and the company

16  who owns Taft, Wachenhut Correctional Corporation ("WCC").   The Supreme Court has

17  declined to extend Bivens claims to allow for recovery against private entities acting under

18  contract with the federal government, such as private prisons  Correctional Serv. Corp. v.

19  Malesko, 534 U.S. 61, 63 (2001).   Thus, Plaintiff's constitutional claims against Taft and WCC

20  must be dismissed.

21  **D.  Bivens Claims Against Taft Employees**

22  The complaint appears to allege violations of the Constitution by Taft Employees.   The

23  Magistrate Judge found that a Bivens action is not available against employees at a private prison

24  and recommended the court dismiss these claims.   While the Supreme Court has refused to

25  extend a Bivens remedy to suits against private entities, see Malesko, 534 U.S. at 62, the

26

27      [1]  In making this finding, the court has not determined if the complaint in fact states an Eighth Amendment
28  claims against the BOP employees.   The court only finds that potential Eighth Amendment claims against BOP
    Employees should not be dismissed without further screening.

1   Supreme Court has never addressed the issue of a federal prisoner's right to a Bivens action

2   against prison guards and employees at a private prison.  Those courts that have addressed the

3   issue have indicated that the availability of a Bivens action is premised on whether there is

4   another remedy against the private prison employee.

5       In Peoples v. Corrections Corp. of America, the plaintiff was housed at CCA, a private

6   Maryland corporation under contract with the United States Marshals Service.  Peoples v.

7   Corrections Corp. of America, 2004 WL 2278667, *1 (D.Kan. 2004).   The plaintiff claimed that

8   officers of CCA violated his due process rights as a pretrial detainee by placing and keeping him

9   in segregation, denying him access to a law library or legal resources, and denying him

10  unmonitored phone calls to his attorney.  Id., 2004 WL 2278667 at *4.  The district court found

11  that it was unlikely that the plaintiff had a Bivens action against an individual employee of a

12  federal contractor where alternative remedies, including state tort action, were available.  Id.

13  2004 WL 2278667 at *3 -4.  On appeal, the majority of a divided Tenth Circuit panel held that

14  "federal prisoners have no implied right of action for damages against an employee of a privately

15  operated prison under contract with the United States Marshals Service when state or federal law

16  affords the prisoner an alternative cause of action for damages for the alleged injury." Peoples v.

17  CCA Detention Centers, 422 F.3d 1090, 1108 (10th Cir. 2005).   However, an en banc panel of

18  the Tenth Circuit could not reach agreement on this issue, and held as follows:

19          We are evenly divided, however, for substantially the same reasons as are set forth
            in the panel's majority and dissenting opinions, on the question whether a Bivens
20          action is available against employees of a privately-operated prison. Because there
            is no majority on the en banc panel, the district court's ruling in Peoples II on this
21          issue is affirmed by an equally divided court.

22  Peoples v. CCA Detention Centers, 449 F.3d 1097, 1099 (10th Cir. 2006) (en banc).   Thus, in the

23  Tenth Circuit, based on the district court's opinion, it is unlikely that a federal prisoner has a

24  Bivens action against an employee of a federal contractor if alternative remedies are available.

25      The Fourth Circuit reached a similar position in Holly v. Scott, 434 F.3d 287 (4th  Cir.

26  2006).    In Holly, the Fourth Circuit found that an "inmate in a privately run federal correctional

27  facility does not require a Bivens cause of action where state law provides him with an effective

28  remedy."  Holly v. Scott,  434 F.3d 287, 296 (4th Cir. 2006).  In making this finding, the Fourth

4

1  Circuit noted that such an inmate would enjoy state law claims that a federal prisoner would not.

2  Id. at 296-97.

3       In recommending dismissal, the Magistrate Judge relied on both Peoples and Holly.

4  However, at this stage of the proceedings, it is difficult to ascertain if Plaintiff has alternative

5  remedies available.   Given that no Defendant has answered the operative complaint, Taft

6  Employees have not asserted that a Bivens action is not available against them nor have they

7  provided their position on whether Plaintiff has any remedies under state law.     As such, the

8  court declines to conclusively find, at this stage of the proceedings, that Plaintiff does not have

9  any Bivens causes of action against Taft Employees.[2]   The court will refer this action back to the

10  Magistrate Judge to screen the complaint's allegations that Taft Employees violated Plaintiff's

11  Eighth Amendment rights.

12  **E.   Negligence / Tort Claims Against BOP Employees and BOP**

13       The complaint appears to allege negligence claims against BOP Employees and the BOP.

14  The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or

15  death arising or resulting from the negligent or wrongful act of omission of any employee of the

16  Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §

17  2679(b)(1).    The United States is the only proper defendant in a suit brought pursuant to the

18  FTCA.  FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Serv.,

19  145 F.3d 1077, 1078 (9th Cir. 1998).   Because only the United States may be sued for injuries

20  arising from the negligent acts of BOP employees, the negligence claims against BOP Employees

21  and the BOP must be dismissed.

22  **F.  Negligence / Tort Claims Against United States**

23       The complaint appears to allege negligence claims against the United States.   An action

24  against the United States caused by the negligent or wrongful act or omission of a United States

25  employee can only proceed if the claimant has first presented his claim to the appropriate Federal

26

27       [2] In making this finding, the court has not determined if the complaint in fact states an Eighth Amendment
28  claims against Taft Employees.   The court only finds that the potential Eighth Amendment claims against Taft
Employees should not be summarily dismissed.

1   agency and had his claim denied by the agency.   28 U.S.C. § 2675(a).  This exhaustion

2   requirement is jurisdictional and must be strictly adhered to.  Brady v. United States, 211 F.3d

3   499, 502 (9th Cir. 2000).

4          The Magistrate Judge already concluded that Plaintiff's negligence claim against the

5   United States had been exhausted.   As such, this action may proceed on Plaintiff's negligence

6   claim against the United States in which Plaintiff alleges that he was transferred to a facility that

7   was constructed by the United States with knowledge that the soil upon which it was built was

8   contaminated with fungal spore that are known to cause Valley Fever.

9   **G.   Negligence / Tort Claim Against Taft Employees, Taft, and WCC**

10          The complaint appears to allege that Taft Employees, Taft, and WCC were negligent in

11   failing to diagnosis and treat Plaintiff's coccidioidomycosis, more commonly known as Valley

12   Fever.   The Findings and Recommendations did not address Plaintiff's potential negligence and

13   tort claims against Taft Employees, Taft, and WCC.

14          A FTCA claim is only for the negligent or wrongful conduct of federal employees or

15   agencies.  FDIC v. Meyer, 510 U.S. 471, 477 (1994).   One who is not an "employee" of the

16   federal government cannot subject the United States to liability under the FTCA.  United States

17   v. Orleans, 425 U.S. 807, 813 (1976).     The statutory definition of "employee" does not list

18   contractors with the United States.   See 28 U.S.C. § 2671.   Thus, it does not appear the FTCA

19   would apply to Taft Employees, Taft, or WCC.   Accordingly, presuming the complaint states a

20   claim for negligence against these Defendants, the FTCA would not bar tort claims against them.

21          The court declines to conclusively find, at this stage of the proceedings, that Plaintiff may

22   not maintain tort claims against Taft Employees, Taft, and WCC.[3]   The court will refer this

23   action back to the Magistrate Judge to screen the complaint's allegations that Taft Employees,

24   Taft, and WCC committed torts against Plaintiff.

25

26

27          [3] In making this finding, the court has not determined if the complaint in fact states any tort claims.   The
court only finds that the potential tort claims against Taft Employees, Taft, and WCC are not barred by the FTCA as
28   implied in the Findings and Recommendations.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The court adopts in part and declines to adopt in part the Findings and Recommendations, filed October 5, 2006;

2. The Eighth Amendment claims brought pursuant to Bivens against the United States and BOP are DISMISSED with prejudice;

3. The Eighth Amendment claims brought pursuant to Bivens against Taft and WCC are DISMISSED with prejudice;

4. The negligence and tort claims against BOP Employees and the BOP are DISMISSED with prejudice;

5. This action may proceed at this time pursuant to Bivens on the complaint's allegations that BOP Employees violated Plaintiff's Eighth Amendment rights;

6. This action may proceed at this time pursuant to Bivens on the complaint's allegations that Taft Employees violated Plaintiff's Eighth Amendment rights;

7. This action may proceed against the United Sates on the complaint's allegation that United States' employees transferred Plaintiff to a facility that was constructed by the United States with knowledge that the soil upon which it was built was contaminated with fungal spore that are known to cause Valley Fever;

8. This action may proceed at this time against Taft Employees, Taft, and WCC for torts alleged in the complaint.

9. This action is REFERRED to the Magistrate Judge to screen the complaint to determine if it legally states a claim pursuant to Rule 8 of the Federal Rules of Civil Procedure on those claims remaining in the complaint.

IT IS SO ORDERED.

**Dated:   May 30, 2007**                              _____/s/ Anthony W. Ishii_____
                                                                    UNITED STATES DISTRICT JUDGE