UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, et al., ) <br> ) <br> Defendants. ) <br> _____) | 1:02-cv-05801-AWI-GSA-PC <br><br> ORDER GRANTING PLAINTIFF LEAVE TO FILE FURTHER OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS AND/OR SUMMARY JUDGMENT <br><br> FURTHER OPPOSITION, IF ANY, DUE IN 30 DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff, Kevin Walker ("plaintiff") is a federal prisoner proceeding pro se with this civil action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"). Plaintiff filed the complaint initiating this action on June 25, 2002. Plaintiff names as defendants the United States of America ("USA"), Zachary Currier, Harley Lappin, Newton E. Kendig, Maryellen Thomas[1], the Geo Group, Inc. (sued as Wackenhut Correctional Corp. ("WCC") and Taft Correctional Institution ("TCI")), Raymond Andrews, Jonathan E. Akanno, Terry Craig, Margaret Minnecci, Esteban Noriega, Geraldine Nichols, Theresa Bucholz, and Suzanne Snellen.

This action now proceeds on the Second Amended Complaint filed August 29, 2005, against (1) defendant USA on the FTCA claims; (2) defendants Currier, Lappin, Kendig, and Thoms ("BOP

---

[1] Plaintiff sued defendant as Maryellen Thomas; however, defendants identify her as MaryEllen Thoms. (MTD, Doc. 108-2 at 27:2-7.) The court shall identify her hereinafter as MaryEllen Thoms.

1

employees") on plaintiff's Eighth Amendment claims, (3) defendants Andrews, Akanno, Craig, Minnecci, Noriega, Nichols, Bucholz, and Snellen ("Taft employees") on plaintiff's Eighth Amendment claims, and (4) Taft employees, TCI, and WCC on plaintiff's tort claims.[2]  (Doc. 72.)

On September 8, 2008, defendants USA, Lappin, Kendig, Thoms, and Currier ("Federal Defendants") filed a motion to dismiss and/or for summary judgment, pursuant to Rule 12(b)(1), Rule 12(b)(6), and Rule 56.  (Doc. 108.)  On January 26, 2009, plaintiff filed an opposition to the motion.  (Doc. 120.)  On February 12, 2009, defendants filed a reply to the opposition.  (Doc. 122.)

## II.   SUMMARY JUDGMENT NOTICE REQUIREMENT

Under Ninth Circuit precedents, "the district court bears the responsibility of assuring that a pro se prisoner litigant receives fair notice of summary judgment requirements."  Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003), citing Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998)); also see Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988) (holding that district courts are obligated to advise prisoner pro per litigants of Federal Rule of Civil Procedure 56 requirements).  Moreover, "if the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the court must assure that [plaintiff] has fair notice of his opportunity to develop a record."  Wyatt 315 F.3d at 1120, n.14.  In the present action, because plaintiff is a federal prisoner proceeding pro se, and because the Federal Defendants have filed a motion to dismiss and/or for summary judgment, plaintiff is entitled to be informed of the summary judgment requirements.  Therefore, the court shall presently issue a separate Second Informational Order in this action, which includes information about summary judgment, and plaintiff shall be granted additional time in which to submit a further opposition to the Federal Defendants' motion to dismiss and/or for summary judgment filed on September 8, 2008.  (Doc. 108.)

Accordingly, IT IS HEREBY ORDERED that:

1.   The court shall presently issue a Second Informational Order in this action;

///

---

[2] All other claims were dismissed from this action by the Court on July 7, 2008.  (Doc. 90.)

2

2. Plaintiff is granted thirty days from the date of service of this order in which to file a further opposition to the motion to dismiss and/or for summary judgment filed by the Federal Defendants on September 8, 2008; and

3. The Federal Defendants may serve and file a reply to plaintiff's further opposition within ten days after the opposition is served.

IT IS SO ORDERED.

Dated:   **June 23, 2009**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

3