IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WALKER, | 1:02-cv-05801-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 130.) |
| UNITED STATES OF AMERICA, et al., | ORDER DENYING MOTION TO DISMISS BY DEFENDANTS THE GEO GROUP, ANDREWS, AKANNO, CRAIG, MINNECCI, NORIEGA, AND NICHOLS |
| Defendants. | (Doc. 107.) |

Kevin Walker ("plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Torts Claims Act. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On July 30, 2009, findings and recommendations were entered, recommending that the motion to dismiss filed by defendants the Geo Group, Inc., Raymond Andrews, Jonathan E. Akanno, Terry Craig, Margaret Minnecci, Esteban Noriega, and Geraldine Nichols ("Taft Defendants"), filed on September 8, 2008, be denied without prejudice. On August 25, 2009, Defendants, joined by defendant Suzanne Snellen, filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-

1

305, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

As explained by the Supreme Court in Wilkie v. Robbins, 551 U.S. 537, 561-62 (2007), to determine if a Bivens remedy is available, the court must first determine whether there is "any alternative, existing process for protecting" the plaintiff's interests. Id. at 550.  The Supreme Court has refrained from creating a Bivens remedy even when the available statutory remedies "do not provide complete relief" for a plaintiff that has suffered a constitutional violation. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69 (2001). "So long as the plaintiff ha[s] an avenue for some redress, bedrock principles of separation of powers foreclose [s] judicial imposition of a new substantive liability." Id.  Second, if the court cannot infer whether Congress intended a statutory remedial scheme to take the place of a Bivens remedy, the court asks whether there nevertheless are "factors counseling hesitation" before devising such an implied right of action. Wilkie, 551 U.S. at 550; Western Radio Services Co. v. U.S. Forest Service, – F.3d – , 2009 WL 2568706, 3 (9th Cir. 2009).  Even where Congress has given plaintiffs no damages remedy for a constitutional violation, the court will not do so when it "would be plainly inconsistent with Congress' authority in this field." Chappell v. Wallace, 462 U.S. 296, 304 (1983); Western Radio Services, 2009 WL 2568706, 4.

Here, the alternative remedy Taft Defendants claim Plaintiff has available is a tort claim under California for negligence.   As such, Taft Defendants contend that extending an Eighth Amendment Bieves claim against them is not proper because Plaintiff has some avenue for some redress.   At issue in the Findings and Recommendations was the Magistrate Judge' concern that Defendants would claim immunity under California Government Code § 845.6 to any negligence claim filed in state court.  Section 845.6 provides:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. Nothing in this section exonerates a public employee who is

2

lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice or exonerates the public entity from its obligation to pay any judgment, compromise, or settlement that it is required to pay under subdivision (d) of Section 844.6.

Cal.Gov.Code § 845.6.  Taft Defendants have still not explained whether Section 845.6 will bar Plaintiff's tort claims against them.   Whether Taft Defendants are or are not entitled to qualified immunity under <u>Bievens</u> is not the issue at this time.   The issue is can Plaintiff even allege and proceed with any viable claim under California law based on the failure to given him medical treatment.  Because the burden in this motion is on Defendants, the court finds Defendants have failed to meet their burden.

          Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on July 30, 2009, are adopted in full; and
2. The motion to dismiss filed by defendants the Geo Group, Inc., Raymond Andrews, Jonathan E. Akanno, Terry Craig, Margaret Minnecci, Esteban Noriega, and Geraldine Nichols ("Taft Defendants") on September 8, 2008, is denied without prejudice to Taft Defendants filing a new motion to dismiss on this issue.

IT IS SO ORDERED.

**Dated:   September 16, 2009**             **/s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE

3